UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CASE NO. 3:20-CV-406-CHB

WILLIENE SISTRUNK     PLAINTIFF

v.

LOUISVILLE METRO GOVERNMENT, *et al.*     DEFENDANTS

\*\*\* \*\*\* \*\*\*

## **PLAINTIFF'S RESPONSE TO METRO'S MOTION TO DISMISS**

Plaintiff, Williene Sistrunk ("Plaintiff" or "Williene") responds to the motion to dismiss of Defendant, Louisville Metro Government ("Metro"), pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Metro argues that Plaintiff's complaint only alleges conclusory legal allegations in support of her 42 U.SC. § 1983 claims, as opposed to factual allegations that could give rise to liability. Metro is incorrect, as Plaintiff's claims are plausible taking all allegations in the Complaint as true and drawing all reasonable inferences therefrom in favor of Plaintiff.

Metro's policies (and/or lack thereof) and customs regarding obtaining and executing search warrants have recently come under great public scrutiny. Such execution has resulted in the death of Breonna Taylor and other outrageous raids, including another pending lawsuit against Metro in this Court, *Ashlea Burr, et al. v. Louisville/Jefferson Co. Metro Gov.,* U.S.D.C., WDKY, Case No. 3:19-CV-790-DJH.

Metro's policy or custom is to raid homes (particularly those in poor communities) with approximately 15 S.W.A.T. team members with military weaponry, including assault rifles and exploding devices, regardless of probability of cause, the reason for the search warrant, or the level of danger presented to L.M.P.D. officers. Metro likewise fails to train its officers regarding

obtaining probable cause and then matching such cause and probable danger to the level of force used in executing the warrant.

This policy and custom has and will continue to result in citizens (particularly those in poorer communities) being killed or injured and having their right to be free from unreasonable search and seizure violated. It also unnecessarily heightens the danger to the police. The problem is systemic, and Plaintiff has presented a viable claim against Metro.

## **FACTUAL ALLEGATIONS**

As set forth in her Complaint, Williene is an 86 year old woman. She is an extraordinary citizen of Louisville, including being the first African American woman to drive a public transportation bus in Louisville.

On May 31, 2019, the Defendant Officers forced entry into Williene's home at 121 N. 36th Street, Louisville, Kentucky without a search warrant and/or without probable cause for a search warrant. Williene was in bed at the time, and the Metro S.W.A.T. team forced their way into her residence in typical military fashion and then forced her outside in her undergarments and without shoes to be seen by neighbors, officers, and the public. The Officers searcher her home, purportedly to find her grandson or evidence of a crime allegedly committed by her grandson. However, her grandson had never lived with her and there was no probable cause that he left any evidence at her house. Further, if he had left evidence, using approximately 15 S.W.A.T. team officers to invade her home and drag her out of bed under assault rifle was not even remotely necessary. The Officers significantly damaged her home and removed and damaged her property.

Williene has a pacemaker and was significantly emotionally damaged by the incident. Defendants' misconduct could have very easily resulted in her death and did result in damage to her property, significant emotional damage, and the violation of her constitutional rights.

Williene alleges that Defendants' search was made without probable cause and was made willfully and/or in reckless disregard for the fact that it was Williene's Residence and that she was an elderly woman. Defendants' search was made willfully and/or in reckless disregard for the fact that her grandson, for whom Defendants were purportedly searching, did not live with her and never had. Williene also alleges that the level of force used to execute the warrant was unreasonable and excessive and in violation of Williene's Fourth Amendment rights.

Williene alleges that Metro fails to adequately train its officers regarding obtaining and executing search warrants that would protect citizens' Fourth Amendment rights to be free from unreasonable search and seizure. When obtaining and executing warrants, Metro defaults to its policy and custom of raiding residences in poorer communities without probable cause and in military fashion regardless of the type or level of probable cause and/or danger presented.

## **ARGUMENT**

### I. Standard

"In order to avoid dismissal for failure to state a claim, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Troutman v. Louisville Metro,* 2018 WL 6413201 at *2 (W.D.KY., D. Hale)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not shown that she is entitled to relief. *Id.(quoting Ashcroft,* 556 U.S. at 679). The complaint need not contain "detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* For purposes of a motion to

dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Id. (quoting Tackett v. M&G Polymers, USA*, 561 F.3d 478, 488 (6th Cir. 2009).

## II. Plaintiff's claims against Metro are plausible.

When taking all allegations in the complaint as true and drawing all reasonable inferences therefrom, Plaintiff's claims against Metro are plausible.

"A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights." *Gregory v. City of Louisville,* 444 F.3d 725, 752 (6th Cir. 2006)(*citing Monell v. New York City,* 436 U.S. 658, 692-94 (1978). "A city's custom or policy can be unconstitutional in two ways: 1) facially unconstitutional as written or articulated, or 2) facially constitutional but consistently implemented to result in constitutional violations with explicit or implicit ratification by city policymakers." *Id.* "Where the identified policy is itself facially lawful, the plaintiff 'must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences.'" *Id.*

"The courts recognize a systemic failure to train police officers adequately as a custom or policy which can lead to city liability." *Id.* at 753. When training (or lack thereof) has a highly predictable consequence of leading to constitutional violations, it creates a custom or policy imposing liability on the municipality under § 1983. *Id. (citing Cherrington v. Skeeter,* 344 F.3d 631, 646 (6th Cir. 2003). Clearly, the court or jury must analyze the facts and circumstances surrounding the training the police officers received, which is a fact specific inquiry better undertaken after discovery and usually before the jury. *Id.* (reversing summary judgment in favor of city due to plaintiff presenting sufficient evidence that the training failures had the predictable result of constitutional violations).

In *New v. Louisville Metro Government,* this honorable court denied Metro's motion to dismiss the § 1983 claim when faced with substantially similar factual allegations as those asserted by Plaintiffs here. 2016 WL 1268299 (W.D.KY., D. Hale). In *New,* the plaintiff alleged that being struck by the police officer's vehicle resulted from Metro's custom related to training for vehicle pursuits, despite such custom being in conflict with Metro's written policy on pursuits and despite such written policy purportedly being followed. *Id.*

Likewise, here, Plaintiff alleges that both the promulgation of the warrant and the unreasonable enforcement methods arose from Metro's policy or custom of obtaining search warrants without probable cause and then executing them with a swarm of S.W.A.T. team officers in military fashion regardless of the danger involved (or lack thereof). Plaintiff also alleges that Metro's training (or lack thereof) promulgates its policy and custom. Plaintiff also alleges that the policies and customs arose to the level of deliberate indifference to the constitutional rights of Plaintiff to be free from unreasonable searches and seizures. Moreover, the factual allegations underlying both the promulgation of the warrant without probable cause and the completely unreasonable method of search reasonably infer that the constitutional violations resulted from a policy or custom, including a custom related to training.

Further, these type of unreasonable SWAT searches happen all too often and are Metro's custom and policy, as reflected by the death of Breonna Taylor and another pending lawsuit against Metro, *Ashlea Burr, et al. v. Louisville/Jefferson Co. Metro Gov.,* U.S.D.C., WDKY, Case No. 3:19-CV-790-DJH.

Metro's motion is also grossly premature on the highly fact specific inquiry of Metro's training of its police officers regarding obtaining and executing search warrants and whether or

not such training establishes a policy or custom that resulted in deliberate indifference to Plaintiffs' constitutional rights. Plaintiff alleges that it does.

Discovery will further show that Metro's policy and custom is to impose such S.W.A.T. raids in poorer neighborhoods regardless of the reason for the search or the level of purported danger involved.

As this Court expressed in *New, supra;* "The Court finds that New has alleged plausible claims[;] At this early stage of the litigation, he is required to do no more." 2016 WL at *4.

## **CONCLUSION**

For the reasons above, the Court should deny Metro's motion to dismiss and allow the case to proceed with discovery.

Respectfully submitted:

/s/ Joshua T. Rose
Joshua T. Rose
ABELL ROSE LLC
108 S. Madison Ave.
Louisville, KY 40243
(502) 450-5611
jrose@abellroselaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with the Court's ECF System on June 25, 2020 and served upon all counsel for Plaintiff designated to receive service therein, including:

Susan K. Rivera
Brendan Daugherty
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, KY 40202
Susan.rivera@louisvilleky.gov
Brendan.daugherty@louisvilleky.gov

City of Hillview
283 Crestwood Lane
Louisville, KY 40229

Christopher Boone
283 Crestwood Lane
Louisville, KY 40229

Charles McWhirter
283 Crestwood Lane
Louisville, KY 40229

/s/ Joshua T. Rose